**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 3 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ARACELI MENDOZA,

Defendant-Appellant.

No.    22-10242

D.C. No.
5:16-cr-00150-BLF-3

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted May 14, 2024
San Francisco, California

Before:  CALLAHAN and SANCHEZ, Circuit Judges, and KRONSTADT,[**]
District Judge.

Defendant-Appellant Araceli Mendoza appeals her jury convictions for one

count of conspiracy to commit sex trafficking of children, in violation of 18 U.S.C.

§ 371, and one count of sex trafficking of children, in violation of 18 U.S.C.

§ 1591(a)(1) and (b)(2).  We have jurisdiction under 28 U.S.C. § 1291, and we

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable John A. Kronstadt, United States District Judge for the
Central District of California, sitting by designation.

affirm.

1.      The district court properly limited Mendoza's testimony regarding her codefendant Ariel Guizar-Cuellar's gang affiliation. "Under Rule 403 a court has discretion to exclude relevant evidence that is unfairly prejudicial, that is, if it has an undue tendency to suggest a decision on an improper basis such as emotion or character rather than evidence presented on the crime charged." *United States v. Joetzki*, 952 F.2d 1090, 1094 (9th Cir. 1991).  Courts typically exclude evidence of gang membership as unduly prejudicial character evidence.  *See Kennedy v. Lockyer*, 379 F.3d 1041, 1055 (9th Cir. 2004).  Mendoza's subjective belief as to Guizar-Cuellar's gang status had marginal bearing on her duress defense because she had to show a "*well-grounded* fear" (i.e., a reasonable fear) of "an immediate threat of death or serious bodily injury" or an effect on her ability to escape, *United States v. Lopez*, 913 F.3d 807, 813–14 (9th Cir. 2019) (emphasis added) (citation omitted), but she lacked the knowledge or qualifications to testify on the actual status of Guizar-Cuellar's gang affiliation.

Further, because defense counsel opened the door to Guizar-Cuellar's alleged gang membership, the court properly permitted the Government to rebut the claim with Special Agent Ann Trombetta's testimony on Guizar-Cuellar's true gang status.  *See United States v. Sepulveda-Barraza*, 645 F.3d 1066, 1073 (9th Cir. 2011) (holding government testimony was "properly admitted" after defendant

2

"opened the door" to testimony on structure of drug cartels). The court did not abuse its discretion under Rule 403 in limiting Mendoza's testimony to her own personal observations and allowing the Government to rebut her claim as to Guizar-Cuellar's actual gang membership.

The district court did not abuse its discretion in limiting the testimony of Mendoza's minor son or allowing the testimony of codefendant Jocelyn Contreras. The court appropriately weighed the factors under Rule 403 to find that the child's testimony about events of which Mendoza had been unaware was minimally probative for her duress defense and more relevant to the child's fear than her own. Separately, the court properly allowed the prosecution to rehabilitate Contreras's credibility as a neutral witness telling her side of the story, after defense counsel had sought to impeach her for bias.

2. The prosecution did not commit misconduct by describing Mendoza's criminal responsibilities using terms common in the sex-trafficking industry. The record supports that the prosecution used the term "bottom girl" or "bottom" in a descriptive manner to elucidate Mendoza and her codefendants' roles in the sex-trafficking enterprise—not in any derogatory or misogynistic manner toward Defendant.

The defense contends that the prosecution improperly vouched for its own credibility through Trombetta's testimony. Vouching "consists of placing the

3

prestige of the government behind a witness through personal assurances of the witness's veracity, or suggesting that information not presented to the jury supports the witness's testimony." *United States v. Ruiz*, 710 F.3d 1077, 1085 (9th Cir. 2013) (citation omitted). Because the defense did not object to this testimony at trial, we review the claim for plain error. *United States v. Wallace,* 848 F.2d 1464, 1473 (9th Cir. 1988).

Even if the prosecution committed improper vouching, "in the context of the entire record," the prosecution's actions do not rise to the level of plain error justifying reversal. *Id*. The prosecution's alleged error occurred as an "invited response" to defense counsel attacking Trombetta about federal prosecution practices, rendering the error neither clear nor obvious. *See Darden v. Wainwright*, 477 U.S. 168, 182 (1986) (citation omitted). Moreover, the prosecutor's reference to herself as the charging official and the "we" statements were brief remarks during a two-week trial involving ten Government witnesses. "Because of the 'substantial evidence supporting the jury's verdict' and the minor role vouching played in the prosecutor's case, [Mendoza] fails to show that the vouching caused 'substantial prejudice.'" *United States v. Flores*, 802 F.3d 1028, 1041 (9th Cir. 2015) (quoting *Ruiz*, 710 F.3d at 1084–85).

3. Finally, the district court did not commit legal error in its jury instructions or abuse its discretion by providing a supplemental instruction. The

court used the Ninth Circuit's model jury instruction on duress and properly declined Mendoza's invitation to expand the "death or serious bodily injury" requirement so as to include "any harm, whether physical or nonphysical, including psychological, financial, or reputational harm." When a jury question indicated confusion about the required time period for duress, "[r]eferring the jury back to the original instruction would not [have] correct[ed] the apparent impression of at least some jurors" on the legal issue. *United States v. Warren*, 984 F.2d 325, 330 (9th Cir. 1993). The court then appropriately instructed the jury on the required showing of duress for the entire conspiratorial period, which was "a supplemental instruction sufficient to clear up the uncertainty that the jury had brought to the [c]ourt's attention." *Id.*

**AFFIRMED.**